# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re: | § | Case No. 2:13-BK-23517-MSM |
| | § | |
| TRACY GATEWAY, LLC | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

**CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND DISTRIBUTION REPORT
CERTIFICATION THAT THE ESTATE HAS BEEN FULLY ADMINISTERED
AND APPLICATION TO BE DISCHARGED (TDR)**

Alan S. Fukushima, chapter 7 trustee, submits this Final Account, Certification that the Estate has been Fully Administered and Application to be Discharged.

1)      All funds on hand have been distributed in accordance with the Trustee's Final Report and, if applicable, any order of the Court modifying the Final Report. The case is fully administered and all assets and funds which have come under the trustee's control in this case have been properly accounted for as provided by law. The trustee hereby requests to be discharged from further duties as a trustee.

2)      A summary of assets abandoned, assets exempt, total distributions to claimants, claims discharged without payment, and expenses of administration is provided below:

| | | | |
|---|---|---|---|
| Assets Abandoned: *(without deducting any secured claims)* | $0.00 | Assets Exempt: | NA |
| Total Distributions to Claimants: | $7,283,157.21 | Claims Discharged Without Payment: | NA |
| Total Expenses of Administration: | $1,454,763.08 | | |

3)      Total gross receipts of $8,737,920.29  (see **Exhibit 1**), minus funds paid to the debtor(s) and third parties of $0.00 (see **Exhibit 2**), yielded net receipts of $8,737,920.29 from the liquidation of the property of the estate, which was distributed as follows:

| | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|
| Secured Claims (from **Exhibit 3**) | $0.00 | $16,073,649.89 | $14,328,546.89 | $6,397,734.65 |
| Priority Claims: | | | | |
| Chapter 7 Admin. Fees and Charges (from **Exhibit 4**) | NA | $1,454,763.08 | $1,454,763.08 | $1,454,763.08 |
| Prior Chapter Admin. Fees and Charges (from **Exhibit 5**) | NA | $0.00 | $0.00 | $0.00 |
| Priority Unsecured Claims (From **Exhibit 6**) | $0.00 | $1,365,000.00 | $0.00 | $0.00 |
| General Unsecured Claims (from **Exhibit 7**) | $0.00 | $29,873,807.63 | $23,278,013.50 | $885,422.56 |
| **Total Disbursements** | $0.00 | $48,874,143.06 | $39,168,245.93 | $8,737,920.29 |

4).  This case was originally filed under chapter 7 on 03/15/2013.  The case was pending for 79 months.

5).  All estate bank statements, deposit slips, and canceled checks have been submitted to the United States Trustee.

6).  An individual estate property record and report showing the final accounting of the assets of the estate is attached as **Exhibit 8**.  The cash receipts and disbursements records for each estate bank account, showing the final accounting of the receipts and disbursements of estate funds is attached as **Exhibit 9**.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Dated: <u>10/10/2019</u>                    By:    <u>/s/ Alan S. Fukushima</u>
                                                          Trustee

STATEMENT:  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**EXHIBITS TO**
**FINAL ACCOUNT**

## EXHIBIT 1 – GROSS RECEIPTS

| DESCRIPTION | UNIFORM TRAN. CODE | AMOUNT RECEIVED |
|---|---|---|
| Vacant Land, 71+ acres at W. 11th Street and South | 1110-000 | $7,518,908.37 |
| Deposit with PG&E | 1229-000 | $48,511.92 |
| Adversary Proceeding against Ron Coleman, Ron Laffins, Kenne | 1241-000 | $100,000.00 |
| POSSIBLE FRAUDULENT TRANSFER TO SUTTER HOSPITAL et al | 1241-000 | $700,000.00 |
| Adversary Proceeding against Apollo Equity | 1249-000 | $22,000.00 |
| Non-refundable deposit forfeited by original buyer of 71 acr | 1249-000 | $328,500.00 |
| Purchase and Sale Agreement for certain claims | 1249-000 | $20,000.00 |
| **TOTAL GROSS RECEIPTS** | | $8,737,920.29 |

The Uniform Transaction Code is an accounting code assigned by the trustee for statistical reporting purposes.

## EXHIBIT 2 – FUNDS PAID TO DEBTOR & THIRD PARTIES
NONE

## EXHIBIT 3 – SECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 2 | U. S. BANK NATIONAL ASSOCIATION S. BANK NATIONAL ASSOCIATION S. BANK NATIONAL ASSOCIATION | 4110-000 | $0.00 | $7,500,000.00 | $7,500,000.00 | $0.00 |
| 9 | L. P. DE SILVA GATES CONSTRUCTIO N | 4110-000 | $0.00 | $1,745,103.00 | $0.00 | $0.00 |
| 16 | CALIFORNIA STATEWIDE COMMUNITIES DE | 4700-000 | $0.00 | $430,812.24 | $430,812.24 | $0.00 |
| | Payoff First Mortgage | 4110-000 | $0.00 | $6,153,258.40 | $6,153,258.40 | $6,153,258.40 |
| | Property Taxes 209-470-020 | 4700-000 | $0.00 | $145.35 | $145.35 | $145.35 |
| | Property Taxes 209-470-120 | 4700-000 | $0.00 | $71.18 | $71.18 | $71.18 |
| | SJ 209-470-020 | 4700-000 | $0.00 | $54.30 | $54.30 | $54.30 |

| | | | | | |
|---|---|---|---|---|---|
| SJ 209-470-030 | 4700-000 | $0.00 | $68,861.43 | $68,861.43 | $68,861.43 |
| SJ Property Taxes 209-470-040 | 4700-000 | $0.00 | $21,956.56 | $21,956.56 | $21,956.56 |
| SJ Property Taxes 209-470-050 | 4700-000 | $0.00 | $162.23 | $162.23 | $162.23 |
| SJ Property Taxes 209-470-060 | 4700-000 | $0.00 | $84,962.53 | $84,962.53 | $84,962.53 |
| SJ Property Taxes 209-470-080 | 4700-000 | $0.00 | $440.39 | $440.39 | $440.39 |
| SJ Property Taxes 209-470-090 | 4700-000 | $0.00 | $19,978.34 | $19,978.34 | $19,978.34 |
| SJ Property Taxes 209-470-100 | 4700-000 | $0.00 | $23,987.66 | $23,987.66 | $23,987.66 |
| SJ Property Taxes 209-470-110 | 4700-000 | $0.00 | $23,668.89 | $23,668.89 | $23,668.89 |
| SJ Property Taxes 209-470-120 | 4700-000 | $0.00 | $187.39 | $187.39 | $187.39 |
| **TOTAL SECURED CLAIMS** | | $0.00 | $16,073,649.89 | $14,328,546.89 | $6,397,734.65 |

### EXHIBIT 4 – CHAPTER 7 ADMINISTRATIVE FEES and CHARGES

| PAYEE | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|
| ALAN FUKUSHIMA, Trustee | 2100-000 | NA | $285,387.61 | $285,387.61 | $285,387.61 |
| ALAN FUKUSHIMA, Trustee | 2200-000 | NA | $613.76 | $613.76 | $613.76 |
| INTERNATIONAL SURETIES LTD | 2300-000 | NA | $1,059.01 | $1,059.01 | $1,059.01 |
| Utility Fees | 2420-000 | NA | $67,145.22 | $67,145.22 | $67,145.22 |
| Addtl Parcel Fee | 2500-000 | NA | $1,200.00 | $1,200.00 | $1,200.00 |
| Doc Prep Fee | 2500-000 | NA | $50.00 | $50.00 | $50.00 |
| Escrow Fee | 2500-000 | NA | $2,550.00 | $2,550.00 | $2,550.00 |
| Natural Hazards Disclosure | 2500-000 | NA | $310.00 | $310.00 | $310.00 |
| Owner's Policy Premium | 2500-000 | NA | $8,050.00 | $8,050.00 | $8,050.00 |
| Recording fees | 2500-000 | NA | $43.00 | $43.00 | $43.00 |
| Transfer taxes | 2500-000 | NA | $8,250.00 | $8,250.00 | $8,250.00 |
| Utility Fees | 2500-000 | NA | $8,575.50 | $8,575.50 | $8,575.50 |
| Union Bank | 2600-000 | NA | $60,584.73 | $60,584.73 | $60,584.73 |
| FRANCHISE TAX BOARD | 2820-000 | NA | $20,858.75 | $20,858.75 | $20,858.75 |
| HEFNER, STARK & MAROIS, Attorney for Trustee | 3210-000 | NA | $207,723.91 | $207,723.91 | $207,723.91 |

| | | | | | | |
|---|---|---|---|---|---|---|
| HERUM CRABTREE AND SUNTAG, Attorney for Trustee | 3210-000 | NA | $249,605.00 | $249,605.00 | $249,605.00 |
| HEFNER, STARK & MAROIS, Attorney for Trustee | 3220-000 | NA | $29,089.60 | $29,089.60 | $29,089.60 |
| HERUM CRABTREE AND SUNTAG, Attorney for Trustee | 3220-000 | NA | $9,371.19 | $9,371.19 | $9,371.19 |
| MICHAEL GABRIELSON, Accountant for Trustee | 3410-000 | NA | $118,185.00 | $118,185.00 | $118,185.00 |
| MICHAEL GABRIELSON, Accountant for Trustee | 3420-000 | NA | $1,110.80 | $1,110.80 | $1,110.80 |
| Real Estate Commissions - Listing, Realtor for Trustee | 3510-000 | NA | $187,500.00 | $187,500.00 | $187,500.00 |
| Real Estate Commissions - Selling, Realtor for Trustee | 3510-000 | NA | $187,500.00 | $187,500.00 | $187,500.00 |
| **TOTAL CHAPTER 7 ADMIN. FEES AND CHARGES** | | NA | $1,454,763.08 | $1,454,763.08 | $1,454,763.08 |

### EXHIBIT 5 – PRIOR CHAPTER ADMINISTRATIVE FEES and CHARGES
NONE

### EXHIBIT 6 – PRIORITY UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 11 | SN BARNES LP AND | 5800-000 | $0.00 | $1,365,000.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY UNSECURED CLAIMS** | | | $0.00 | $1,365,000.00 | $0.00 | $0.00 |

### EXHIBIT 7 – GENERAL UNSECURED CLAIMS

| CLAIM NUMBER | CLAIMANT | UNIFORM TRAN. CODE | CLAIMS SCHEDULED | CLAIMS ASSERTED | CLAIMS ALLOWED | CLAIMS PAID |
|---|---|---|---|---|---|---|
| 1 | CLARK E WALLACE | 7100-000 | $0.00 | $1,377,428.00 | $0.00 | $0.00 |
| 2 | US BANK, N.A. | 7100-000 | $0.00 | $7,373,141.79 | $7,373,141.79 | $280,451.17 |
| 3 | STEAD FINANCIAL, INC. | 7100-000 | $0.00 | $1,643,372.00 | $1,643,372.00 | $62,508.72 |
| 4 | MILLER STARR | 7100-000 | $0.00 | $100,266.50 | $100,266.50 | $3,813.82 |

| | REGALIA | | | | | |
|---|---|---|---|---|---|---|
| 5 | PIFF & ASSOCIATES | 7100-000 | $0.00 | $11,800,000.00 | $11,800,000.00 | $448,834.95 |
| 6 | JOEL ELEKMAN | 7100-000 | $0.00 | $458,500.00 | $0.00 | $0.00 |
| 7 | RICHARD JONES | 7100-000 | $0.00 | $270,700.00 | $0.00 | $0.00 |
| 8 | SUTTER CENTRAL VALLEY HOSPITALS | 7100-000 | $0.00 | $2,111,930.61 | $0.00 | $0.00 |
| 10 | STEAD FINANCIAL, INC. | 7100-000 | $0.00 | $1,710,758.00 | $1,710,758.00 | $65,071.86 |
| 12 | STEAD FINANCIAL, INC. | 7100-000 | $0.00 | $1,365,000.00 | $0.00 | $0.00 |
| 13 | BANK OF STOCKTON | 7100-000 | $0.00 | $443,614.85 | $443,614.85 | $16,873.72 |
| 14 | BANK OF STOCKTON | 7100-000 | $0.00 | $206,860.36 | $206,860.36 | $7,868.32 |
| 17 | EVELYN HAUPT | 7100-000 | $0.00 | $1,012,235.52 | $0.00 | $0.00 |
| **TOTAL GENERAL UNSECURED CLAIMS** | | | $0.00 | $29,873,807.63 | $23,278,013.50 | $885,422.56 |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:　1　　　Exhibit 8

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| **Ref. #** | | | | | | |
| 1 | Vacant Land, 71+ acres at W. 11th Street and South | $17,000,000.00 | $7,500,000.00 | | $7,518,908.37 | FA |
| **Asset Notes:** | U.S. Bank holds a promissory note in the original full amount of $16,700,000 secured by a first deed of trust on the property. U.S. Bank claims that the secured loan is in default in the amount due and owing as of March 15, 2013 is at least $15,953,642. Based on the Trustee's investigation, the property could not be sold for enough money to pay in full the U.S. Bank lien and associated costs, and still make a meaningful distribution to the creditors. | | | | | |
| | Trustee's investigation concluded that it was unlikely that the bank lien could be avoided. Accordingly, the trustee and his counsel negotiated with U.S. Bank for an agreement under which U.S. Bank was allow the estate to sell the property free and clear of the U.S. Bank lien with a portion of the sales proceeds going to the estate despite the fact that the property is likely worth less than the amount of the U.S. Bank lien. Those negotiations were successful, and U.S. Bank and the estate entered into a "carveout agreement" for that purpose. | | | | | |
| | Under the proposed Compromise, if the Bankruptcy Court approves a sale of the property, the bankruptcy estate shall receive from the proceeds of the sale (i) 10% of the gross sales price of the property, but not more than 850,000; (ii) the realtors commission (to be paid to the realtor from escrow); and (iii) all amounts sufficient to pay the sellers closing costs. The remaining net sales amount shall be paid to U.S. Bank. | | | | | |
| 2 | Financial Accounts | Unknown | $0.00 | | $0.00 | FA |
| **Asset Notes:** | Bank of Stockton checking acct 4356 | | | | | |
| 3 | Other Miscellaneous - Potential Claim against Clar | Unknown | $25,000.00 | | $0.00 | FA |
| **Asset Notes:** | Potential claim against Clark Wallace for Breach of Fiduciary and/or mismanagement of the Tracy Gateway LLC. | | | | | |
| | This potential claim is included in the subsequent Purchase & Sale Agreement for certain claims (Asset #6). | | | | | |
| 4 | OTHER MISCELLANEOUS - Potential Claim against Barn | Unknown | $25,000.00 | | $0.00 | FA |
| **Asset Notes:** | Claims against SN Barnes LP, Norman Barnes and "Barnes" and his affiliates arising out of the Tracy Gateway LLC and SN Barnes, LP Development Management Agreement, including but not limited to breach of contract, accounting, etc. | | | | | |
| | This potential claim is included in the subsequent Purchase & Sale Agreement for certain claims (Asset #6). | | | | | |
| 5 | POSSIBLE FRAUDULENT TRANSFER TO SUTTER HOSPITAL et al　(u) | $0.00 | $10,000,000.00 | | $700,000.00 | FA |
| **Asset Notes:** | This litigation was filed on 03/12/15 and seeks to recover the fraudulent transfer to Sutter Hospitals by Tracy Gateway LLC when the debtor corporation was insolvent. Other derfendents to the fraudulent transfer include nonmanaging members Joel Elekman, Richard Jones, | | | | | |
| | Per the Confidential Settlement Agreement and General Release between the Trustee and Sutter Central Valley Hospitals (SCVH), both parties agree to settle the litigation for $700,000. | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:    2      Exhibit 8

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| | 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| | **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |
| 6 | Purchase and Sale Agreement for certain claims **(u)** | $0.00 | $50,000.00 | | $20,000.00 | FA |
| **Asset Notes:** | Trustee signs the purchase and sale agreement to CA BK Distressed Assets Fund IV, LLC. The agreement states that the trustee will sell all of the bankruptcy estate interest in any and all claims arising under California state law (including without limitation California Civil Code Section 3439) against any and all parties except any Sutter entities (including without limitation Sutter Tracy Community Hospital, Sutter Central Valley Hospitals, Sutter Health, and any and all affiliates, successors, or assigns of any of those entities or of any Sutter entity) and the City of Tracy. | | | | | |
| | The Purchase Price for the Claims shall be $20,000 plus 40% of any Net Recovery Buyer may obtain from prosecuting the claims the term "Net Recovery "shall mean the total gross recovery from buyers prosecution of the claims minus attorneys fees and costs Buyer may incur in obtaining such recovery. | | | | | |
| | Included in the potential recovery are secheduled and unscheduled claims. | | | | | |
| | This case settled with no additional monies coming to the bankruptcy estate. | | | | | |
| 7 | Non-refundable deposit forfeited by original buyer of 71 acr **(u)** | $0.00 | $328,500.00 | | $328,500.00 | FA |
| **Asset Notes:** | Forfeited non-refundable deposit of the original buyer of the 71 acres. | | | | | |
| 8 | Adversary Proceeding against Joel Elekman **(u)** | $0.00 | $50,000.00 | | $0.00 | FA |
| **Asset Notes:** | Elekman was a manging member of the debtor. Elekman was included in the Adversary Proceeding v. Sutter Hospital et al. Trustee decided to separately negotiate with Elekman from Sutter Hospital and the rest of the managing and non-managing members. | | | | | |
| | I entered into a settlement agreement with Joel Elekman dismissing the Adversary proceeding against him. As part of the settlement, Mr. Elekman will withdraw his claim of $458,000 in the bankruptcy case, not file another claim, and will withdraw his motion to set aside default. | | | | | |
| | Trustee will await the Order from the Court on the Motion to Approve the Settlement before he marks the asset as fully administered (FA). | | | | | |
| 9 | Adversary Proceeding against Richard Jones **(u)** | $0.00 | $50,000.00 | | $0.00 | FA |
| **Asset Notes:** | Jones was a manging member of the debtor. Jones was included in the Adversary Proceeding v. Sutter Hospital et al. Trustee decided to separately negotiate with Jones from the rest of the managing and non-managing members. | | | | | |
| | Trustee will be filing a motion to dismiss him from the adversary proceeding. Mr. Jones has filed Chapter 13 bankruptcy and he does not appear to have much money. Trustee is seeking to have Mr. Jones abandon his claim of $270,700 in the bankruptcy case for his dismissal from the adversary proceeding. | | | | | |
| | Trustee is waiting for the Order from the Court to mark the asset as fully administered (FA). | | | | | |
| 10 | Adversary Proceeding against Ron Coleman, Ron Laffins, Kenne **(u)** | $0.00 | $100,000.00 | | $100,000.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:   3    Exhibit 8

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

| Asset Notes: | All four defendants were non-manging members of the debtor. They were originally included in the Adversary Proceeding v. Sutter Hospital et al. Trustee decided to separately negotiate the non-managing members from Sutter Hospital and the managing members. |
|---|---|
| | During the BDRP meeting, Trustee and Ron Coleman, Ron Laffins and the Haupts reached a settlement for $100,000 cash. |
| | Trustee will mark this case as fully administered after he receives the Order from the Court approving the settlement and receives the cashier's check for $100,000. |

| Ref. # | | | | | | |
|---|---|---|---|---|---|---|
| 11 | Adversary Proceeding against Apollo Equity (u) | $0.00 | $22,000.00 | | $22,000.00 | FA |
| 12 | Deposit with PG&E (u) | $0.00 | $48,511.92 | | $48,511.92 | FA |

| Asset Notes: | This check represents the deposit on hand with PG&E for 24133 S. Lammers Rd. |
|---|---|
| | AIF REIMB. Account number 610651 |

| INT | Post-Petition Interest Deposits (u) | Unknown | Unknown | | $0.00 | FA |

| TOTALS (Excluding unknown value) | | | | | Gross Value of Remaining Assets |
|---|---|---|---|---|---|
| | $17,000,000.00 | $18,199,011.92 | | $8,737,920.29 | $0.00 |

**Major Activities affecting case closing:**

| 10/07/2019 | Trustee imports, reviews, and reconciles the September 2019 bank statement. |
|---|---|
| 09/04/2019 | Trustee imports, reviews, and reconciles the August 2019 bank statement. |
| 08/05/2019 | Trustee imports, reviews and reconciles the July 2019 bank statement. |
| 06/17/2019 | Trustee files his Application for Compensation, Notice and Declaration with the Court. |
| 06/06/2019 | Trustee reviews, imports, verifies and reconciles the May 2019 bank statement. |
| 04/17/2019 | Trustee attends the court hearing on Gabrielson's fee application. The fee application is approved by the Court. Once the Order is received, the Trustee will prepare and file the amended NFR/TFR with the UST's Office. |
| 03/01/2019 | Trustee signs and dates all of the amended tax returns for tax years 2015, 2016 and 2017. |
| 02/28/2019 | Trustee attends the court hearing on the Motion to Pay Administrative Taxes. The motion was granted by Judge Klein. |
| 02/15/2019 | I received an email from Bob Gordon advising me to file an amended NFR/TFR to include the change in the proposed distribution, and the additional payments for taxes and fees to the accountant. |
| 01/31/2019 | Trustee files the Cloobeck motion to obtain authorization to file and sign the amended tax return for the debtor corporation. The amended return was needed to report the COD income to the partners. |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:    4            Exhibit 8

| Case No.: | 13-23517-MSM |
|---|---|
| Case Name: | TRACY GATEWAY, LLC |
| For the Period Ending: | 10/10/2019 |

| Trustee Name: | Alan S. Fukushima |
|---|---|
| Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| §341(a) Meeting Date: | 04/24/2013 |
| Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

| | |
|---|---|
| 01/11/2019 | Trustee receives an email from Joel Minamide of US Bank. He emailed a statement indicating the amounts paid on the US Bank loan and confirmed what the current claim amount should be. He also indicated the correct address where to send the check. |
| 01/10/2019 | Trustee receives, reviews and reconciles the December 2018 bank statement. |
| 01/04/2019 | TFR submitted to the UST's Office. |
| 12/07/2018 | Trustee receives, reviews and reconciles the November 30, 2018 bank statement. |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:   5          Exhibit 8

| | | |
|---|---|---|
| **Case No.:** | 13-23517-MSM | |
| **Case Name:** | TRACY GATEWAY, LLC | |
| **For the Period Ending:** | 10/10/2019 | |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

0--15-13  Trustee is appointed interim Trustee for the bankruptcy case.

03-19-13  Trustee contacts Michael Gabrielson, CPA regarding a review of the documents and rany equests to make to debtor's counsel prior to the 341 hearing.

03-25-13  Trustee files Application to Employ Michael Gabrielson as accountant for the bankruptcy estate.

03-28-13  Trustee spoke Randy Grimson (916) 446-8745 from CBRE, former RE broker for the corporation. He stated the debtor's property was listed for a year prior to the corporation filing for bankruptcy. There are utilities and roads to the site and the 71+ acres was part f a 500 acre master plan.

04-19-13    Trustee particpates in a conference call with debtor's counsel, trustee's counsel, debtor's real estate consultant, and attorneys for two members of the debtor's LLC. During the meeting, debtor's counsel and real estate consultant provided an overview of the entire development from its inception to the filing of the bankruptcy petition.

05-07-13  Trustee conducts 341 Meeting of Creditors and concludes the case as an asset case. Trustee intends to list the 71 +/- acres which comprise the Tracy Gateway properties or work out a carve-out to be compensated by the lender to sell the properties at a lower value.

05-22-13  Trustee receives 6 CDs of documents to review from debtor's counsel.

05-29-13    Trustee and trustee's counsel attempt to negotiate a carve-out with US Bank. US Bank wants to resolve three liens that appear on the title report and will report back to Trustee and counsel.

06-04-13    US Bank's counsel informs Trustee's counsel that one of the two substantive liens will be removed.

06-12-13  Suntag receives a call from Matt Troughton, who represents Jepsen Electric. Suntag advises Troughton that although Jepsen's liens were recorded within 90 days of the petition date, it may be a preference.

06-14-13    Creditor Piff & Associates had filed a lis pendens  on the property that shows up on the title report. It may inhibit a sale of the property.

06-20-13  Trustee receives an email from Richard Pifferetti requesting additional documents in the debtor's possession.

06-23-13    Pifferetti send an email requesting assistance in obtaining a current appraisal on the property.

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**                                    Page No:    6          Exhibit 8
**ASSET CASES**

| | |
|---|---|
| **Case No.:**  13-23517-MSM | **Trustee Name:**  Alan S. Fukushima |
| **Case Name:**  TRACY GATEWAY, LLC | **Date Filed (f) or Converted (c):**  03/15/2013 (f) |
| **For the Period Ending:**  10/10/2019 | **§341(a) Meeting Date:**  04/24/2013 |
| | **Claims Bar Date:**  08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

07-12-13  Suntag contacts Steve Sacks, counsel for Jepsen Electric who confirms the lawsuit had not been served or noticed by the BK Court. Suntag informs Sacks that their lien may be invalid. If invalid, Jepsen Electric will be an unsecured creditor only.

07-23-13  Suntag receives an email from Steve Sacks who stated he will prepare a stipulation under which his client will consent to a sale of the estate's property free and clear of his client's liens. This will resolve the second issue. The only remaining issue will be the claim by Piff & Associates.

07-24-13  Debtor's counsel informs Trustee that Chris Rawlings has resigned as interim manager for the Debtor.

08-05-13  Trustee receives stipulation by Jepsen Electric.

08-15-13  Trustee's counsel submits proposed offer to US Bank. The proposal is 1) Our broker gets 4% if he brings the broker, 5% if he does not; 2) 12 month listing agreement; 3) US Bank agree to a carveout fro the estate of 10% with a cap of $850,000 (separate from the real estate commission); and 4) US Bank would waive any claim against the estate.

08-21-13  Trustee receives information through counsel that the members of Tracy Gateway LLC may have made a charitable contribution of $10,000,000 to Sutter Tracy Community Hospital. The method used was selling a piece of the Tracy Gateway project for $10,000,000 (8,000,000 plus a $2,000,000 donation). The charitable donation was passed through to the members for their benefit. Suntag will be reviewing whether we can pursue a claim against Sutter for fraudulent conveyance (using the state reach back period of 4 years and not the federal reachback period of two years).

09-04-13  Suntag emails the proposed agreement to US Bank for finalization.

09-06-13  All claims are imported, reviewed, validated and schedule-linked.

09-09-13  Trustee receives information from Suntag that Desilva Gates Construction has recorded two liens and a notice of pendency of action on the property. Desilva did not provide any notice to the Trustee or the bankruptcy court of its April 5, 2013 lien within 90 days of recordation. Desilva's lien is for $1,196,455.05.

09-10-13  Trustee receives a voicemail from Marcie Drinkwalter of Glendale Mortgage expressing an interest in purchasing the Tracy Gateway property. She can be reached at (818) 279-2444 ext. 126 and mdrinkwalter@glendalemortgage.net.
 million dollars
10-08-13  Trustee is advised by Suntag that there may be another possible mechanics lien on the estate property. The lien is  by De Silva Gates Construction L.P. for 1.745 million dollars. Trustee's counsel will speak with US bank and the other creditors on the validity of the mechanics lien.

10-14-13  Trustee receives a draft of a stipulation regarding De Silva Gates Construction. The stipulation requests De Silva Construction to withdraw its mechanics lien and to file a claim

| Case No.: | 13-23517-MSM |
|---|---|
| Case Name: | TRACY GATEWAY, LLC |
| For the Period Ending: | 10/10/2019 |

| Trustee Name: | Alan S. Fukushima |
|---|---|
| Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| §341(a) Meeting Date: | 04/24/2013 |
| Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

in the bankruptcy estate.. The stipulation also allows De Silva ' claim to be treated as a timely filed claim.

11-04-13  Trustee receives a copy of an email from Suntag regarding the final changes necessary to the stipulation between US Bank and the Trustee. Once the changes are completed, the stipulation will be ready for signature.

11-20-13  Trustee receives a draft agreement between the bankruptcy estate and US National Bank.

11-26-13   Suntag receives an email from an attorney in San Francisco indicating his client may be interested in submitting an offer on the property for $8 or $9 million. Suntag refers the attorney to Jim Martin, our real estate agent.

11-04-13   Trustee receives the proposed carveout for review from US Bank from Suntag.

12-02-13  Trustee signs the stipulation with Jepsen Electric. In the Stipulation Jepsen agrees not to assert a secured claim in this bankruptcy case on account of Jepsen's lien or otherwise and Jepsen shall be allowed an unsecured claim in this bankruptcy case in the amount of $409,913.50.

12-05-13  Gabrielson sends an email to Dan Baker of Gallina and Company to obtain an unredacted copy of the 2012 Federal Form 1065 and California Form 568 tax returns for future fiigs and to determine the tax consequences upon a carve-out and collection of the donated proceeds ($10,000,000) to Sutter Hospital.

12-11-13  Trustee receives an email from Joshua Price, CPA which contains the 2012 Form 1065 for Tracy Gateway. A copy of the email is forwarded to Michael Gabrielson and Dana Suntag.

Trustee receives the order on the stipulation that creditor Jepsen Electric shall not assert a secured claim in this Bankruptcy case and any liens in favor of Jepsen on the Debtor's real property are avoided and recovered for the benefit of this bankruptcy estate. It is further ordered that Jepsen shall have an allowed claim in this bankruptcy case in the amount of $409,913.50.

12-20-13  Trustee reviews and approves of the draft carve-out agreement with US Bank.

12-24-13  Trustee receives a copy of an email from Joshua Wayser, counsel for US Bank. He is just waiting for final approval from US Bank.

01-14-14  Trustee signs the carve-out agreement described above with US Bank.

01-18-14  Trustee receives information from RE Broker Martin regarding the adjacent 56 owned by Barnes. The property may be available and we can perhaps package the parcels together. Martin will contact US Bank to see if they have obtained any information on this new development.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**                  Page No:     8          Exhibit 8

**ASSET CASES**

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

01-27-14  Trustee's counsel prepare the motion to employ Jim Martin as realtor for the bankruptcy estate.

02-24-14  The motion to compromise controversy and to employ Jim Martin as the estate's real estate broker was granted by the court. The motion to approve controversy allows the bankruptcy estate to sell the land mortgaged by US Bank and receive a 10% carve-out not to exceed $800,000.

03-04-14  Trustee receives the Order to Employ Herum, Crabtree and Suntag as counsel for the bankruptcy estate.

04-09-14  Trustee receives an email from Suntag regarding an email from Michael St. James, an attorney from San Francisco representing a group of south parcel owners. St. James advises Suntag that within the next few days, he will be submitting an offer consistent with the amounts set forth in our carve out agreement with US Bank. The offering entity will be named Apollo Investments. A copy of the email will be placed in the case file.

04-15-14  Trustee receives a telephone call from prospective buyer Yvonne. She stated she is preparing her offer for the Tracy Gateway property and the sale will be all cash. Further she will provide proof of funds at the time she submits the offer to our broker, Jim Martin.

05-22-14  Trustee receives an update from Jim Martin. Martin states that 3 groups are interested in submitting offers for the property. We should be receiving the written offers next week.

06-03-14  Trustee receives an email from counsel, who stated he spoke with Evan Baker, attorney for Ken Rawlings. They are interested in talking with us about buying some of the potential avoidance actions the estate owns. Baker will prepare a conceptual proposal and mail it to counsel and me.

06-16-14  Trustee receives a non-binding term sheet from Newco.

06-23-14  Trustee receives an offer to purchase the Tracy property from real estate broker Jim Martin. The offer if for $7.3 million dollars, all cash, with a 90-day close of escrow after the bankruptcy court approves the sale.

06-25-14  Trustee receives an offer from attorney Evan Baker to purchase the bankruptcy estate's interest in the following causes of action: Stead Financial, Inc., SN Barnes, LP; SNB Tracy, LLC; TG Associates, LLC; SNB Gateway, LLC; Norman A. Barnes; and Horner & Singer, LLP. Baker offers to purchase the bankruptcy estate's interest for $18,500 and 25% of the net received.

06-28-14  Trustee counters Evan Baker's offer with $20,000 down and 25% of the net proceeds. Evan Baker accepts the trustee's counter offer.

06-30-14  Trustee receives the draft of the purchase and sale agreement regarding the lawsuits.  Trustee reviews the agreement, makes the changes, and emails them back to Suntag.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:     9          Exhibit 8

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

07-16-14  Trustee has reviewed the case for additional assets to administer. Trustee believes the only assets being administered for this case will be the sale of the real property, for which the property has been listed at $7,500,000 and the carve-out to the bankruptcy estate will be $800,000, a possible fraudulent transfer to Sutter Hospital, and the sale of the bankruptcy estate's position in various lawsuits.

07-18-14  Trustee signs the purchase and sale agreement to CA BK Distressed Assets Fund IV, LLC. The agreement states that the trustee will sell all of the bankruptcy estate interest in any and all claims arising under California state law (including without limitation California Civil Code Section 3439) against any and all parties except any Sutter entities (including without limitation Sutter Tracy Community Hospital, Sutter Central Valley Hospitals, Sutter Health, and any and all affiliates, successors, or assigns of any of those entities or of any Sutter entity) and the City of Tracy.

The Purchase Price for the Claims shall be $20,000 plus 40% of any Net Recovery Buyer may obtain from prosecuting the claims the term "Net Recovery "shall mean the total gross recovery from buyers prosecution of the claims minus attorneys fees and costs Buyer may incur in obtaining such recovery.

07-25-14  Trustee signs the declaration in support of his motion for authorization to sell the bankruptcy estate interest in potential claims to CA Distressed Assets Fund IV, LLC. The hearing on the motion is scheduled for August 25, 2014, at 10 AM in Department A.

0815-14    Trustee receives the counter-offer from Yvonne Lau, broker for Apollo Equity LLC. Apollo Equity is making an offer price of $7,600,000 for the 51 acres.

08-25-14  There were no over-bidders at the hearing this morning. Judge McManus approved the Motion to Sell to CA Distressed Assets Fund IV.

09-02-14  Trustee receives a check for $20,000 from Apollo Equity LLC.

09-03-14  Trustee speaks with Yvonne Lau. Yvonne confirms their agreement to purchase the Tracy property is very, very close and she hopes everything will be ready by the end of this week.

09-04-14  Trustee reviews the draft of the final purchase agreement and the draft is also emailed to US Bank for review and approval.

09-06-14  Trustee participates in a conference call with Trustee's counsel and representatives with US Bank.
-
09-11-14  Trustee receives, reviews and approves the revised contract and addendums the revised regarding the sale of the vacant land to Apollo Equity LLC.

09-18-14  Trustee executes the PSA, Addendums 1,2 and 3 and emails the executed documents to Suntag and Martin.

FORM 1

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:　　10　　　　Exhibit 8

| | |
|---|---|
| **Case No.:** 13-23517-MSM | **Trustee Name:** Alan S. Fukushima |
| **Case Name:** TRACY GATEWAY, LLC | **Date Filed (f) or Converted (c):** 03/15/2013 (f) |
| **For the Period Ending:** 10/10/2019 | **§341(a) Meeting Date:** 04/24/2013 |
| | **Claims Bar Date:** 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

09-22-14  Trustee receives the Motion for 2004 Examination of Stead and accompanying documents from Teresa Jackson, assistant to attorney Jason Rios.

09-24-14  Trustee reviews the draft amendment to the Tracy Gateway agreement.

09-26-14  Trustee discusses the tax implications and distributions to US Bank. Trustee also speaks with Mike Gabrielson regarding the tax issues of a possible cancellation of debt.

09-29-14  Trustee receives an email from Suntag with an attached copy of the buyer's deposit of $219,000.

09-30-14  Trustee signs the Amendment to the US Bank Agreement.

10-02-14  Trustee reviews the draft stipulation from Josh Wayser. After adding his comments, he consults with counsel about making the appropriate changes before the final stipulation is prepared.

10-04-14  Trustee reviews and approves the stipulation prepared by Waysner of US Bank.

10-07-14  Trustee review Stead's opposition to the motion for a 2004 examination by CA BK Assets.

10-08-14  Trustee receives the order approving the stipulation regarding agreement on stay relief and related issues.

10-29-14  Trustee contacts the buyer's agent Lau by telephone requesting a status of the purchase. Lau states that everything appears to be on schedule.

11-13-14   Trustee receives an email from Lisa Westfall, Senior Escrow Officer for Chicago Title Company. She attaches a copy of the additional deposit of $109,000 paid by Apollo Equity, LLC.

11-17-14  Trustee receives and reconciles the October 2014 Bank Statement.

Trustee reviews the Motion to Sell and its supporting papers.

11-20-14  Trustee receives a copy of the Mediation Brief of CA BK.

12-09-14  Trustee receives and reconciles the November 2014 Bank Statement.

12-15-14   Trustee attends the court hearing on the motion to sell the Tracy property. The motion is granted and there were no over-bidders.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**                    Page No:    11          Exhibit 8
**ASSET CASES**

| | | | | | |
|---|---|---|---|---|---|
| **Case No.:** | 13-23517-MSM | | **Trustee Name:** | | Alan S. Fukushima |
| **Case Name:** | TRACY GATEWAY, LLC | | **Date Filed (f) or Converted (c):** | | 03/15/2013 (f) |
| **For the Period Ending:** | 10/10/2019 | | **§341(a) Meeting Date:** | | 04/24/2013 |
| | | | **Claims Bar Date:** | | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

12-17-14   Trustee reviews and accepts the Estimated Seller's Closing Statement.

01-06-15   Trustee participates in a conference call with Joe Minamide and Rick Koncannon of US Bank, their counsel Josh Wayser, Yvoone Lau (broker), Alec Frazier (Wire transfer rep), and Dana Suntag, counsel for the Trustee. Frazier states that the wire transfer of funds will be received by Chicago Title between January 12th and January 17th of 2015. Wayser indicates that the bank cannot foreclose and have a foreclosure sale until early February 2015. If the funds are received before that date, the sale will be consummated.

01-13-15   Trustee contacts Norm Barnes (415) 218-7535 and advises him of the status of the sale to Apollo Equity. Barnes will try and put something together is the wire transfer from Apollo Equity is not received by January 17th.

01-16-15   Trustee receives and reconciles the December 2014 Bank Statement.

01-22-15   Trustee spoke with Alex Frazier. Frazier states he is almost finished completing their due diligence and will call me later this afternoon with the timetable of the wire transfer.

02/10/15   Trustee conducts a conference call with Frazier, Lau and Suntag. Frazier states that he will wire 5.2 million dollars into escrow by this Friday, February 13th. The 5.2 million dollars to be non-refundable after two weeks and two weeks after the money becomes nonrefundable, they will close escrow.

02-13-15    Trustee receives and reconciles the January 2015 bank statement.

02-23-15   Trustee participates in a conference call with Rich Concannon and Joel Minamide from US Bank, Alex FRrzier and Yvonne Lau with Apollo Equity, Dana Suntag, Jim Martin, and Josh Wayser, attorney for US Bank.

02-24-15   Trustee participates in another conference call with Rich Concannon and Joel Minamide from US Bank, Alex FRrzier and Yvonne Lau with Apollo Equity, Dana Suntag, Jim Martin, and Josh Wayser, attorney for US Bank.

02-26-15   Trustee participates in another conference call with Rich Concannon and Joel Minamide from US Bank, Alex FRrzier and Yvonne Lau with Apollo Equity, Dana Suntag, Jim Martin, and Josh Wayser, attorney for US Bank.

03-02-15   Trustee participates in another conference call with Rich Concannon and Joel Minamide from US Bank, Alex FRrzier and Yvonne Lau with Apollo Equity, Dana Suntag, Jim Martin, and Josh Wayser, attorney for US Bank.

03-03-15   Trustee's counsel sends an email to Apollo Equity advising that unless a commitment letter with short term funding occurs by 5:00pm, March 6, 2015, the deal is cancelled.

Filed 10/16/19

Case 13-23517

Doc 349

FORM 1
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 12    Exhibit 8

| Case No.: | 13-23517-MSM | | Trustee Name: | Alan S. Fukushima |
| Case Name: | TRACY GATEWAY, LLC | | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | | §341(a) Meeting Date: | 04/24/2013 |
| | | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description**<br>**(Scheduled and**<br>**Unscheduled (u) Property)** | **Petition/**<br>**Unscheduled**<br>**Value** | **Estimated Net Value**<br>**(Value Determined by**<br>**Trustee,**<br>**Less Liens, Exemptions,**<br>**and Other Costs)** | **Property**<br>**Abandoned**<br>**OA =§ 554(a) abandon.** | **Sales/Funds**<br>**Received by**<br>**the Estate** | **Asset Fully Administered (FA)/**<br>**Gross Value of Remaining Assets** |

Trustee and US Bank Vice-President discuss a possible counter-offer for any new offers. We will propose an offer price of 7.5 million dollars, up from 7.3 million dollars, an initial deposit of $300,000 to be nonrefundable after 21 days, a due diligence period of 21 days, and close the escrow within 3 days after Bankruptcy Court approval. The new carve-out agreement to be 10% up to a maximum of $700,000 (lowering the maximum from $850,000). The Bankruptcy estate will be able to keep the $328,000 deposit from Apollo Equity.

03-19-15  Trustee receives and executes the LOI from Seton Pacific. The LOI indicates a purchase price of $7,500,000, with $500,000 deposit and a 50-day due diligence period.

03-23-15  Trustee participates in a conference call with Josh Wayser, Joel Minamide, Dana Suntag and Jim Martin regarding the issues the bank has with the proposed offer to purchase the property.

03-31-15  Trustee participates in a conference call with Josh Wayser, Joel Minamide, Dana Suntag and Jim Martin regarding the issues the bank has with the proposed offer to split the deposit if it goes hard.

04-14-15  Trustee attends a meeting with Sunatg and Pifferetti at Suntag's Office.

Trustee receives and reconciles the March 2015 Bank Statement.

04-27-15  Trustee signs the Purchase and Sale Agreement containing the buyer's signature and the document is forwarded to the title company with wiring instructions.

05-15-15  The Trustee receives, reviews and reconciles the April 2015 Bank Statement.

05-19-15  Trustee receives an email from Suntag regarding an email sent to him by Kent Reed. Reed states they should be ready to close by May 28, 2015. Trustee and Suntag discuss the possibility of preparing the documents to sell the property only subject to Bankruptcy Court Approval.

05-26-15  Trustee participates in a conference call with Dana Suntag, Josh Wayser, Joel Minamide, Kent Reed and Matthew (buyers) regarding the possible delay in obtaining the ALTA policy for the Tracy Gateway property.

05-28-15  Judge McManus issued his final ruling approving the sale of the Tracy property. The matter will be taken off calendar.

06-09-15  Trustee participates in a conference call with Joshua Waysner, Dana Suntag, Joel Minamide and Jim Martin to discuss the Alta policy affidavits requirements and other issues required to close the sale.

06-09-15  Trustee receives, reviews and reconciles the may 2015 bank statement.

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

06-11-15  Trustee participates in a conference call with Lisa Westfall of Chicago Title, Dana Suntag and Kent Reed. Trustee signs the Affidavit and Grant Deed, has them notarized and FEDX'd to Lisa Westfall at Chicago Title Company.

06-16-16  Lisa from Chicago Title emails Trustee and advises that $7,5 million of total funds have been received and all documents have been signed by the buyers. Trustee signs the Seller's Escrow Instructions and forwards the instructions to the title company.

06-17-15  Lisa from Chicago Title sends an email that all documents have been signed, all monies received and all contingencies have been satisfied. Lisa from Chicago Title sends another email stating escrow has closed.
Trustee, Suntag and Gabrielson discuss the tax situation of the sale of the Tracy Gateway property. During a discussion on the taxability of the sale, Suntag states that instead of US Bank issuing a 1099-C (Cancellation of Debt) to the debtor, US Bank had filed an unsecured claim for the remaining balance owed on the original loan, Therefore, there will not be any taxes due from the sale. Trustee makes a stop payment on the check.

06-18-15  Trustee receives the check for $650,000 and prepares and files the Report of Sale.

07-09-15  Trustee receives, reviews and reconciles the June 2015 bank statement.

07-31-15  Trustee receives an email from Sutter counsel Nancy Newman that they are amenable for a BDRP mediation.

08-13-15  Trustee receives the Amended Judgment against Apollo Equity LLC signed by Judge McManus.

08-14-15  Trustee receives, reviews and reconciles the July 2015 bank statement.

All of the parties except Jones and Elekman have responded to the request for mediation. Nancy Newman of Sutter will prepare the stipulation and subpoena.

08-27-15   Trustee receives, reviews and approves the Interim Fee Application for Herum, Crabtree and Suntag and executes his declaration.

08-31-15   HCS files the request for Interim Fee Application with the Court. The hearing is scheduled for September 28, 2015 at 10:00am in Department A.

09-03-15   Trustee receives a request to meet with the City of Tracy regarding deposits they have on hand from the project and who the deposits belong to. The meeting is scheduled for September 21, 2015 at 10:00am at the City of Tracy offices.

09-08-15   Trustee receives an email requesting the City of Tracy meeting be rescheduled to September 23, 2015 at 10:00am.

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

09-14-15  Trustee receives, reviews and reconciles the August 2015 bank statement.

09-17-15  Talks between the City of Tracy, Tracy Gateway former partners and attorneys continue as everyone has agreed to try mediation. The other issue is to try and determine the rightful beneficiaries of any credits so it would be unnecessary for the Interpleader Action.

09-25-15  A meeting has been scheduled for 10/05/15 at 1pm at the City of Tracy's Attorney's Office with the Trustee, Trustee's counsel, Seton Pacific, SN Barnes, and the attorneys for Elekman and Jones.

Here is the latest status on the other remaining issues in this case:

    1.  BDRP - Earlier this week, Trustee filed a request that the Court refer us to  BDRP with either Marc Levinson or Don Fitzgerald. We are awaiting the court's action on that request. We are asking that the mediation be held in the last two weeks of November 2015. The parties to the request in addition to the Trustee are Sutter Hospital, Haupt, Coleman, and Laffins, all represented by counsel.

    2.  Joel Elekman - He defaulted and we entered his default. He then contacted Suntag and stated he defaulted because he has been dealing with serious medical issues: open heart surgery about a year ago and the aftermath of that. He also claimed he had no money. We had been under the impression he was wealthy, but he has sent us copies of federal and state income tax returns and a financial statement, all of which indicate poverty. (Our CPA, Gabrielson, is reviewing these materials). Elekman says he is willing to participate in the mediation, but does not have the money to pay his share of the mediator's fee (there probably won't be one, since we are doing this through the BDRP). Elekman has filed a general unsecured claim in the amount of $458,500 for alleged management fees he is owed. His claim contains no backup documentation. We have asked him what the basis of his claim is, and he said that the debtor owes him management fees through the time he stepped down as manager, in May 2009. We asked him to provide evidence to support this claim, but he said there is no evidence of it other than the operating agreement (which does state he is to be compensated at the rate of $6500 per month) and the fact that the company checkbook does not show payments to him for years. We asked him if he has the company checkbook, and he first said yes but later stated he was not sure. We asked him to turn it over but have not received anything. He then also volunteered that he owed the debtor hundreds of thousands of dollars based on past due promissory notes he signed because he could not afford to pay his capital contributions in cash. This was new information for us so we asked him to provide copies of the promissory notes. He said he would look for them but he is not sure if he has them.

We will wait and see what he provides before we determine any negotiation strategy.

    3.  Defendant Richard Jones. Jones also defaulted and we entered his default. Then, we were contacted by an attorney for Jones who advised us that Jones filed a Chapter 13 bankruptcy case on November 15, 2012, about five months before Tracy Gateway filed bankruptcy. We confirmed that on PACER, Case No. 12-40030. Therefore, our lawsuit is stayed as to Jones. In his bankruptcy case, Jones had his Chapter 13 plan confirmed on December 18, 2013. His plan pays unsecured creditors a dividend of about 1%. In our bankruptcy case, he filed a general unsecured claim for alleged management fees of $270,700. Like Elekman, there is no backup documentation attached to his claim. He also failed to disclose this claim in his bankruptcy case; instead, he scheduled his ownership interest in the debtor with a value of $0.

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

There is no reason for us to try to get involved in Jones' Chapter 13 case to be part of his plan, as it pays only 1% to unsecured creditors, or to seek relief from stay. However, maybe we can get him to withdraw his claim in the TG BK case in exchange for us not pursuing him.

09-30-15   Trustee sends a check to HCS after receiving the signed Order to pay the Interim Compensation to HCS.

10-05-15   Trustee and Suntag attend a meeting with the Tracy City Attorney, Joe Wu (the buyer), Wu's counsel (David Pearson), counsel for the bonding company (Michael Timpane), Norm Barnes, representatives of Da Silva Gates, and others regarding the reimbursement issue. The meeting is over two separate items of reimbursement: (i) a $582K item relating to the subdivision improvement agreement and (ii) a $460K item relating to offsite storm drainage improvements. The parties at the meeting (particularly the City Attorney and Barnes) were adamant that Tracy Gateway did not have a right to any of the storm drainage improvement reimbursement amount as Tracy Gateway was not a party to that agreement.

With respect to the $582K, there is a long punch list that has to be completed before the City will release the money, and there is a levy against Barnes, Norm Schutte, and TG Associates that may also hold it up. Wu is apparently working with DSG to complete the punch list items. It is not clear what will happen with the levy.

10-14-15  Trustee receives, reviews and reconciles the September  2015 bank statement.

10-15-15  Trustee participates in a teleconference with Gabrielson and Suntag regarding the fraudulent conveyance issues with Sutter Hospital.

11-02-15  Trustee agrees to dismiss Mr. Jones from the lawsuit in exchange for Mr. Jones' withdrawing the claim he filed in the Tracy Gateway case and agreeing not to file another claim. The parties would bear their own attorney fees and costs.

11-11-15  Trustee receives, reviews and reconciles the October 2015 bank statement.

11-12-15  Trustee participates in a teleconference with Suntag and Gabrielson to discuss the Sutter Mediation Brief.

11-19-15  Trustee review the DeSilva Gates vs. SN Barnes complaint.
Trustee receives and reviews the Mediation Agreement from Don Fitzgerald.

11-20-15  Trustee attends the BDRP Mediation at the law office of Felderstein, Fitzgerald, Willoughby and Pascuzzi. The BDRP mediation resulted in a settlement with Ron Coleman, Ron Laffins, Kenneth and Elizabeth Haupt Trustees, and the Kenneth C. Haupt Trust dated
12/8/91 for $100,000. Sutter Health agreed to lower their claim by $500,000 for a continuance for 30 days.

Trustee signs the settlement agreement with Joel Elekman dismissing the Adversary proceeding against him. As part of the settlement, Mr. Elekman will withdraw his claim of $458,000 in the bankruptcy case, not file another claim, and will withdraw his motion to set aside default.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**                    Page No:    16          Exhibit 8

**ASSET CASES**

| | |
|---|---|
| **Case No.:**  13-23517-MSM | **Trustee Name:**  Alan S. Fukushima |
| **Case Name:**  TRACY GATEWAY, LLC | **Date Filed (f) or Converted to (c):**  03/15/2013 (f) |
| **For the Period Ending:**  10/10/2019 | **§341(a) Meeting Date:**  04/24/2013 |
| | **Claims Bar Date:**  08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

11-25-15  Trustee reviews the tardily-filed claim by Evelyn Haupt, c/o the Sheer Group LLC, for $1,012, 235.52.

11-27-15  Trustee notifies Suntag that Evelyn Haupt has filed a tardily filed claim in the bankruptcy case. Suntag acknowledges the claim is tardily filed and Haupt's counsel will be seeking an order deeming the claim as timely filed on the basis that Haupt did not have notice of the bankruptcy case in time to file a timely claim.

11-30-15  Trustee receives an email from Mohammad Walizadeh, counsel for Sutter Hospital. Mr. Walizadeh states that Sutter has filed an amended claim in the bankruptcy case reducing their claim by $500,000.00.

12-01-15  Trustee prepares and files the notice and motion for allowance of administrative tax claims and his declaration and files it, along with the Proof of Service, with the Court.

12-02-15  Trustee reviews and approves the final settlement agreement with Joel Elekman. Trustee also discusses with Suntag the revised settlement agreement with Ron Coleman, Ron Laffins, Kenneth and Elizabeth Haupt Trustees, and the Kenneth C. Haupt Trust dated 12/8/91.

12-07-15  Trustee signs the final settlement agreement with Joel Elekman. Trustee also discusses with Suntag the revised settlement agreement with Ron Coleman, Ron Laffins, Kenneth and Elizabeth Haupt Trustees, and the Kenneth C. Haupt Trust.

12-11-15  Trustee receives, reviews and reconciles the November 2015 bank statement.

12-26-15  Trustee reviews the draft of the motion to compromise brief with the non-managing members of the debtor.

01-08-16  Trustee receives an email from Suntag. Suntag states that he had spoken with Joe Cotchett, one of the premier attorneys int eh country, to represent us in the Sutter lawsuit. Cotchett informed Suntag he may be interested in serving as Special Counsel for the bankruptcy estate.

01-14-16  Trustee receives, reviews and reconciles the December 2015 bank statement.

02-02-16  Trustee receives the Civil Minute Order approving the Motion to Compromise Controversy and Approve the Settlement Agreement with Joel Elekman, Ron Coleman, Ron Laffins, Kenneth and Evelyn Haupt. The judge also denied Sutter's request for a continuance stating that Sutter had sufficient time to evaluate the merits for approval of the compromises.

02-12-16  Trustee receives and review Sutter Hospital's Opposition to Motion to Dismiss.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:     17          Exhibit 8

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

02-12-16  Trustee receives, reviews and reconciles the January 2016 bank statement.

02-27-16  Trustee updates the Claims Register and changes the claim of Evelyn Haupt to withdrawn.

03-04-16  Trustee and counsel reach an agreement with Yvonne Lau in principle. Lau's lawyer says Lau will pay $5,000 on Monday and then the balance the following month. They will prepare a stipulation and continue the Monday hearing.

03-18-16  Trustee receives, reviews and reconciles the February 2016 bank statement.

04-02-16  Trustee signs and mails the 2015 federal and California partnership income tax returns. Trustee also sends a check for $800 along with the LLC Tax Voucher to the Franchise Tax Board.

04-15-16  Trustee receives, reviews and reconciles the March 2016 bank statement.

05-02-16  Trustee receives a check for $5,000 from Yvonne Lau representing the third check towards the settlement. The balance remaining is $7,000.

05-15-16  Trustee receives, reviews and reconciles the April 2016 bank statement.

05-28-16  Trustee negotiates his agreement to employ Howard Nevins of Hefner Law as Special Counsel.

06-06-16  Trustee signs his declaration in support of his application for an order authorizing employment of special counsel.

06-07-16  Trustee receives the final payment of $7,000 from Yvonne Lau towards the adversary proceeding.

06-10-16  Trustee receives, reviews and reconciles the May 2016 bank statement.

07-13-16  Trustee receives, reviews and reconciles the June 2016 bank statement. Trustee's counsel files a motion to Seal.

07-14-16  Trustee signs the Association of Counsel whereby Herum, Crabtree and Suntag hereby associates Hefner, Stark and Marois LLP. Trustee receives the Order granting the motion to Restrict, Redact or Seal.

08-18-16  Trustee receives, reviews and reconciles the July 2016 bank statement.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No: 18          Exhibit 8

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description**<br>**(Scheduled and**<br>**Unscheduled (u) Property)** | **Petition/**<br>**Unscheduled**<br>**Value** | **Estimated Net Value**<br>**(Value Determined by**<br>**Trustee,**<br>**Less Liens, Exemptions,**<br>**and Other Costs)** | **Property**<br>**Abandoned**<br>**OA =§ 554(a) abandon.** | **Sales/Funds**<br>**Received by**<br>**the Estate** | **Asset Fully Administered (FA)/**<br>**Gross Value of Remaining Assets** |

09-11-16  Trustee receives, reviews and reconciles the August 2016 bank statement.

10-12-16  Trustee receives, reviews and reconciles the September 2016 bank statement.

11-12-16  Trustee receives, reviews and reconciles the October 2016 bank statement.

12-07-16  Trustee receives, reviews and reconciles the November 2016 bank statement.

01-14-17  Trustee receives, reviews and reconciles the December 2016 bank statement.

02-08-17  Trustee receives the 2016 Federal and State Income Tax Returns from Gabrielson.

02-11-17  Trustee receives, reviews and reconciles the January 2017 bank statement.

02/11/17  Trustee reviews (there are no taxes due) and signs the 2016 federal and state tax returns and mails them to the IRS and FTB.

03-11-17  Trustee receives, reviews and reconciles the February 2017 bank statement.

03-18-17  Trustee receives a Prompt Determination Letter from the IRS. The letter states that our request for the prompt determination of the bankruptcy estate's liabilities is being denied. The IRS said as partnerships do not incur federal income tax liabilities. A trustee of a partnership in bankruptcy ia not exposed to potential personal liability with respect to federal income taxes. If an audit occurs, any tax consequences will apply to the partners only.

03-21-17  I received an update of the case from Suntag. He stated that written discoveries are almost done and that depositions were being scheduled, including non-expert discovery.  He said the status conference is set for June 21, 2017 and at that time, they will determine if they will be going to mediation. He said he hopes to have the case with Sutter wrapped up by late Summer 2017.

Suntag also mentioned that he will be receiving an update from the Weintraub office on the reimbursements next week and will call me.

I telephoned Minamide of US Bank and gave him an update.

04/12/17  Trustee receives, reviews and reconciles the March 2017 bank statement.

04/20/17  Trustee receives, reviews and approves Invoice Statement 14 from Hefner Law,

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    19       Exhibit 8

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

05/10/17  Trustee receives, reviews and reconciles the April 2017 bank statement.

06/09/17  Trustee receives, verifies, and reconciles the May 2017 bank statement.

07/10/17  Trustee receives, verifies, and reconciles the June 2017 bank statement.

08/11/17  Trustee receives, verifies and reconciles the July 2017 bank statement.

09/17/17  Trustee receives, verifies and reconciles the August 2017 bank statement.

09/23/17  Depositions continue to be rescheduled with next deposition with Joel Minamide of US Bank scheduled for October 9, 2017 in Orange County. Sutter Hospital representatives and officials to follow.

10/11/17  Trustee receives, verifies and reconciles the September 2017 bank statement.

11/07/17  Trustee receives, verifies and reconciles the October 2017 bank statement.

12/06/17  Trustee receives, verifies and reconciles the November 2017 bank statement.

01/16/18  Trustee receives, verifies and reconciles the December 2017 bank statement.

01/19/18  Trustee participated in a conference call with Special Counsel Howard Nevins, Kirk Giberson, and Dana Suntag.

01/22/18  Trustee participates in a mediation with Special Counsel and Dana Suntag.

02/08/18  Trustee receives, verifies and reconciles the January 2018 bank statement.

03/11/18  Trustee receives, verifies and reconciles the February 2018 bank statement.

03/13/18  Trustee receives the signed Order Granting his Motion to Pay Administrative Tax Claims. Trustee signs and mails the 2017 income tax returns and Request for Prompt Determination.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    20          Exhibit 8

| | |
|---|---|
| **Case No.:**  13-23517-MSM | **Trustee Name:**  Alan S. Fukushima |
| **Case Name:**  TRACY GATEWAY, LLC | **Date Filed (f) or Converted (c):**  03/15/2013 (f) |
| **For the Period Ending:**  10/10/2019 | **§341(a) Meeting Date:**  04/24/2013 |
| | **Claims Bar Date:**  08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

04/09/18   Trustee receives, verifies and reconciles the March 2018 bank statement.

04/11/18   Trustee receives the signed order granting the Motion to Compromise with Sutter Hospital and the Motion for Compensation to Special Counsel.

04/16/18   Trustee receives a check for $700,000 from Sutter Central Valley Hospitals (SCVH) pursuant to the terms and conditions contained in the confidential Settlement Agreement and General Release between the Trustee and SCVH.

04/19/18   Trustee prepares and delivers two checks to Hefner Law for fees and costs as Special Counsel.

04/23/18   Trustee files the Application for Compensation, Notice, Verification, Declaration, Exhibits and Proof of Service for Gabrielson.

04/27/18   Trustee files the Notice, Motion, Declaration and Proof of Service on his motion to pay administrative tax claims.

05/10/18   Trustee receives, verifies and reconciles the April 2018 bank statement.

06/09/18   Trustee receives, reviews, and reconciles the May 2018 bank statement.

06/11/18   Trustee attends the court hearing on his Motion for Allowance of Administrative Tax Claims. The judge grants the motion.

06/14/18   Trustee sends a check for $11,790 to the Franchise Tax Board for the 2018 LLC Fee

07/03/18   Trustee receives, reviews, and reconciles the June 2018 bank statement.

08/02/18   Trustee receives, reviews, and reconciles the July 2018 bank statement.

08/14/18   Trustee reviews the information from  Miller Starr Regalia regarding the calculation of their legal fees and claim. Trustee determines the support information provided verifies the amount of the claim and confirms there is no basis to object to their claim.

09/06/18   Trustee receives, reviews, and reconciles the August 2018 bank statement.

09/10/18   Trustee contacts all creditor parties regarding supplemental data to verify all of the claims. Trustee also provides an ipdate to all of the creditors.

09/28/18   Trustee receives the final information for the Pifferetti claim. All information appears in order. Trustee waiting for the final information from creditor Norm Barnes.

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page No:    21          Exhibit 8

| Case No.: | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Date Filed (f) or Converted (c): | 03/15/2013 (f) |
| For the Period Ending: | 10/10/2019 | §341(a) Meeting Date: | 04/24/2013 |
| | | Claims Bar Date: | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

One of the Stead Financial claims is a duplicate and Trustee has requested they withdraw the duplicated claim.

10/01/18  Trustee receives, reviews, and reconciles the September 2018 bank statement.

11/02/18 Trustee receives, reviews and reconciles the October 2018 bank statement.

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    22      Exhibit 8

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Value | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA =§ 554(a) abandon. | Sales/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page No:    23          Exhibit 8

| | |
|---|---|
| **Case No.:** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **For the Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Date Filed (f) or Converted (c):** | 03/15/2013 (f) |
| **§341(a) Meeting Date:** | 04/24/2013 |
| **Claims Bar Date:** | 08/08/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description** (Scheduled and Unscheduled (u) Property) | **Petition/ Unscheduled Value** | **Estimated Net Value** (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | **Property Abandoned** OA =§ 554(a) abandon. | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA)/ Gross Value of Remaining Assets** |

[Alan Fukushima 2013-07-01 05:00:00]

**Initial Projected Date Of Final Report (TFR):**    06/01/2014          **Current Projected Date Of Final Report (TFR):**    04/22/2019

/s/ ALAN S. FUKUSHIMA

ALAN S. FUKUSHIMA

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Bank Name: | Union Bank |
| Primary Taxpayer ID #: | **-***3580 | Checking Acct #: | ******4096 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Checking |
| For Period Beginning: | 3/15/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/10/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 09/02/2014 | ( 6) | Gardere Wynne Sewell LLP | Purchase and Sale Agreement Buyer shall purchase from Seller and the bankruptcy estate, and Seller shall sell and convey to Buyer, all of the bankruptcy estate's interest in any and all claims arising under 11 U.S.C. Sections 544 to 553, inclusive, and any and all claims arising under California state law (including without limitation California Civil Code Section 3439) against any and all parties except any Sutter entities (including without limitation Sutter Tracy Community Hospital, Sutter Central Valley Hospitals, Sutt | 1249-000 | $20,000.00 | | $20,000.00 |
| 10/27/2014 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $26.85 | $19,973.15 |
| 11/25/2014 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $29.72 | $19,943.43 |
| 12/26/2014 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $28.72 | $19,914.71 |
| 01/09/2015 | 101 | INTERNATIONAL SURETIES LTD | BOND PAYMENTS | 2300-000 | | $22.01 | $19,892.70 |
| 01/26/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $29.63 | $19,863.07 |
| 02/25/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $29.57 | $19,833.50 |
| 03/13/2015 | 102 | FRANCHISE TAX BOARD | CA Minimum Corporate Tax | 2820-000 | | $800.00 | $19,033.50 |
| 03/13/2015 | 103 | FRANCHISE TAX BOARD | CA Minimum Corporate Tax | 2820-000 | | $800.00 | $18,233.50 |
| 03/17/2015 | | INTERNATIONAL SURETIES LTD | Bond Premium Refund | 2300-000 | | ($8.04) | $18,241.54 |
| 03/25/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $26.66 | $18,214.88 |
| 04/27/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $28.94 | $18,185.94 |
| 05/26/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $26.19 | $18,159.75 |

| | | | | SUBTOTALS | $20,000.00 | $1,840.25 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No. | 13-23517-MSM | | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | | Bank Name: | Union Bank |
| Primary Taxpayer ID #: | **-***3580 | | Checking Acct #: | ******4096 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | Checking |
| For Period Beginning: | 3/15/2013 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/10/2019 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/13/2015 | ( 7) | CHICAGO TITLE | Non-refundable Deposit ESCROW NO. FSST-5151400001 | 1249-000 | $328,500.00 | | $346,659.75 |
| 06/13/2015 | 104 | FRANCHISE TAX BOARD | Esyimated Fee for LLCs | 2820-000 | | $11,790.00 | $334,869.75 |
| 06/17/2015 | 104 | FRANCHISE TAX BOARD | Esyimated Fee for LLCs Reversal Payment was stopped due to the recent decision in the Cloobeck case. Trustees are now required to make a motion for approval to pay estimated taxes and to set it for hearing. Trustees cannot pay the estimated taxes without an order. | 2820-000 | | ($11,790.00) | $346,659.75 |

|  |  |  | **SUBTOTALS** | | $328,500.00 | $0.00 |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No. | 13-23517-MSM |
| Case Name: | TRACY GATEWAY, LLC |
| Primary Taxpayer ID #: | **-***3580 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 3/15/2013 |
| For Period Ending: | 10/10/2019 |

| | |
|---|---|
| Trustee Name: | Alan S. Fukushima |
| Bank Name: | Union Bank |
| Checking Acct #: | ******4096 |
| Account Title: | Checking |
| Blanket bond (per case limit): | $5,000,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 06/18/2015 | | CHICAGO TITLE COMPANY | Carve-out from lender | | * | $650,000.00 | | $996,659.75 |
| | { 1} | | Vacant Land, 71+ acres at W. 11th Street and South | $7,518,908.37 | 1110-000 | | | $996,659.75 |
| | | | Real Estate Commissions - Listing | $(187,500.00) | 3510-000 | | | $996,659.75 |
| | | | Real Estate Commissions - Selling | $(187,500.00) | 3510-000 | | | $996,659.75 |
| | | | Owner's Policy Premium | $(8,050.00) | 2500-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-080 | $(317.13) | 4700-000 | | | $996,659.75 |
| | | | Natural Hazards Disclosure | $(310.00) | 2500-000 | | | $996,659.75 |
| | | | Escrow Fee | $(2,550.00) | 2500-000 | | | $996,659.75 |
| | | | Doc Prep Fee | $(50.00) | 2500-000 | | | $996,659.75 |
| | | | Transfer taxes | $(8,250.00) | 2500-000 | | | $996,659.75 |
| | | | Utility Fees | $(8,575.50) | 2500-000 | | | $996,659.75 |
| | | | Property Taxes 209-470-120 | $(71.18) | 4700-000 | | | $996,659.75 |
| | | | SJ 209-470-020 | $(54.30) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-060 | $(84,962.53) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-080 | $(123.26) | 4700-000 | | | $996,659.75 |
| | | | Recording fees | $(43.00) | 2500-000 | | | $996,659.75 |
| | | | Addtl Parcel Fee | $(1,200.00) | 2500-000 | | | $996,659.75 |
| | | | SJ 209-470-030 | $(68,861.43) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-110 | $(23,668.89) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-120 | $(187.39) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-050 | $(43.58) | 4700-000 | | | $996,659.75 |
| | | | Property Taxes 209-470-020 | $(145.35) | 4700-000 | | | $996,659.75 |
| | | | SJ 209-470-040 | $(21,956.56) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-090 | $(19,978.34) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-100 | $(23,987.66) | 4700-000 | | | $996,659.75 |
| | | | SJ Property Taxes 209-470-050 | $(118.65) | 4700-000 | | | $996,659.75 |
| | | | Payoff First Mortgage | $(6,153,258.40) | 4110-000 | | | $996,659.75 |
| | | | Utility Fees | $(67,145.22) | 2420-000 | | | $996,659.75 |
| 06/25/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | | 2600-000 | | $27.02 | $996,632.73 |
| | | | **SUBTOTALS** | | | $650,000.00 | $27.02 | |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| **Case No.** | 13-23517-MSM |
| **Case Name:** | TRACY GATEWAY, LLC |
| **Primary Taxpayer ID #:** | **-***3580 |
| **Co-Debtor Taxpayer ID #:** | |
| **For Period Beginning:** | 3/15/2013 |
| **For Period Ending:** | 10/10/2019 |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Bank Name:** | Union Bank |
| **Checking Acct #:** | ******4096 |
| **Account Title:** | Checking |
| **Blanket bond (per case limit):** | $5,000,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 07/27/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $652.08 | $995,980.65 |
| 08/25/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,481.14 | $994,499.51 |
| 09/25/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,479.83 | $993,019.68 |
| 09/30/2015 | 105 | HERUM CRABTREE AND SUNTAG | Attorney fees Per Order dated 09/29/15 to pay Interim Compensation | 3210-000 | | $102,094.50 | $890,925.18 |
| 09/30/2015 | 106 | HERUM CRABTREE AND SUNTAG | Attorney expenses Per Order dated 09/29/15 to pay costs and expenses | 3220-000 | | $4,827.96 | $886,097.22 |
| 10/26/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,430.02 | $884,667.20 |
| 11/25/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,352.48 | $883,314.72 |
| 12/22/2015 | 107 | INTERNATIONAL SURETIES LTD | 2016 BOND DISBURSEMENT - BOND NUMBER 016048575 | 2300-000 | | $387.72 | $882,927.00 |
| 12/28/2015 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,272.08 | $881,654.92 |
| 01/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,312.59 | $880,342.33 |
| 02/25/2016 | ( 10) | Scheer Law Group LLP | Settlement Agreement During the BDRP meeting, Trustee and Ron Coleman, Ron Laffins and the Haupts reached a settlement for $100,000 cash. | 1241-000 | $100,000.00 | | $980,342.33 |
| 02/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,306.38 | $979,035.95 |
| 03/11/2016 | ( 11) | Apollo Equity | Payment on Stipulation Agreement This check from Apollo Equity represents the first payment of the stipulation to settle the adversary proceeding. | 1249-000 | $5,000.00 | | $984,035.95 |
| 03/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,225.16 | $982,810.79 |
| | | | **SUBTOTALS** | | $105,000.00 | $118,821.94 | |

## FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Bank Name: | Union Bank |
| Primary Taxpayer ID #: | **-***3580 | Checking Acct #: | ******4096 |
| Co-Debtor Taxpayer ID #: | | Account Title: | Checking |
| For Period Beginning: | 3/15/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/10/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 04/02/2016 | 108 | FRANCHISE TAX BOARD | CA Corporate LLC taxes due CA LLC Taxes due | 2820-000 | | $800.00 | $982,010.79 |
| 04/08/2016 | ( 11) | Apollo Equity LLC | Payment on Settlement Agreement This check is for the settlement of the lawsuit. | 1249-000 | $5,000.00 | | $987,010.79 |
| 04/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,455.06 | $985,555.73 |
| 05/02/2016 | ( 11) | Yvonne Lau | Payment on Settlement Agreement This is the second payment received by Apollo Equity on the adversary proceeding. There is one final payment of $7,000 due June 7, 2016. | 1249-000 | $5,000.00 | | $990,555.73 |
| 05/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,413.41 | $989,142.32 |
| 06/07/2016 | ( 11) | Yvonne Lau | Final payment on Adversary proceeding This check for $7,000 from Yvonne Lau of Apollo Equity is the final payment on the Adversary Proceeding. | 1249-000 | $7,000.00 | | $996,142.32 |
| 06/27/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,467.05 | $994,675.27 |
| 07/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,425.93 | $993,249.34 |
| 08/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,473.87 | $991,775.47 |
| 09/26/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,471.74 | $990,303.73 |
| 10/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,422.28 | $988,881.45 |
| 11/15/2016 | ( 12) | PG&E | Return of deposit to debtor This check represents a return of the deposit held by PG&E for the debtor. | 1229-000 | $48,511.92 | | $1,037,393.37 |
| 11/25/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,467.39 | $1,035,925.98 |
| 12/27/2016 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,450.53 | $1,034,475.45 |

**SUBTOTALS**    $65,511.92    $13,847.26

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| **Case No.** | 13-23517-MSM | |
| **Case Name:** | TRACY GATEWAY, LLC | |
| **Primary Taxpayer ID #:** | **-***3580 | |
| **Co-Debtor Taxpayer ID #:** | | |
| **For Period Beginning:** | 3/15/2013 | |
| **For Period Ending:** | 10/10/2019 | |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Bank Name:** | Union Bank |
| **Checking Acct #:** | ******4096 |
| **Account Title:** | Checking |
| **Blanket bond (per case limit):** | $5,000,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 01/04/2017 | 109 | INTERNATIONAL SURETIES LTD | 2017 Bond Disbursement #016048575 | 2300-000 | | $313.84 | $1,034,161.61 |
| 01/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,535.14 | $1,032,626.47 |
| 02/27/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,536.70 | $1,031,089.77 |
| 03/27/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,386.12 | $1,029,703.65 |
| 04/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,532.18 | $1,028,171.47 |
| 05/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,480.64 | $1,026,690.83 |
| 06/26/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,527.68 | $1,025,163.15 |
| 07/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,476.38 | $1,023,686.77 |
| 08/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,523.20 | $1,022,163.57 |
| 09/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,520.99 | $1,020,642.58 |
| 10/25/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,469.80 | $1,019,172.78 |
| 11/27/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,516.49 | $1,017,656.29 |
| 12/26/2017 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,465.64 | $1,016,190.65 |
| 01/09/2018 | 110 | INTERNATIONAL SURETIES LTD | 2018 Bond Payment | 2300-000 | | $343.48 | $1,015,847.17 |
| 01/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,512.12 | $1,014,335.05 |
| 02/26/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,509.59 | $1,012,825.46 |
| | | | **SUBTOTALS** | | $0.00 | $21,649.99 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| **Case No.** | 13-23517-MSM | |
| **Case Name:** | TRACY GATEWAY, LLC | |
| **Primary Taxpayer ID #:** | **-***3580 | |
| **Co-Debtor Taxpayer ID #:** | | |
| **For Period Beginning:** | 3/15/2013 | |
| **For Period Ending:** | 10/10/2019 | |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Bank Name:** | Union Bank |
| **Checking Acct #:** | ******4096 |
| **Account Title:** | Checking |
| **Blanket bond (per case limit):** | $5,000,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
|---|---|---|---|---|---|---|---|
| 03/13/2018 | 111 | Franchise Tax Board | Payment of Estimated 2018 income taxes | 2820-000 | | $800.00 | $1,012,025.46 |
| 03/13/2018 | 112 | Franchise Tax Board | Payment of 2017 income taxes | 2820-000 | | $829.00 | $1,011,196.46 |
| 03/26/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,361.49 | $1,009,834.97 |
| 04/16/2018 | ( 5) | SUTTER INSURANCE SERVICES CORP | Motion to Compromise settlement Trustee receives a check for $700,000 from Sutter Central Valley Hospitals (SCVH) pursuant to the terms and conditions contained in the confidential Settlement Agreement and General Release between the Trustee and SCVH. | 1241-000 | $700,000.00 | | $1,709,834.97 |
| 04/19/2018 | 113 | HEFNER, STARK & MAROIS | Special Counsel fees | 3210-000 | | $207,723.91 | $1,502,111.06 |
| 04/19/2018 | 114 | HEFNER, STARK & MAROIS | Special Counsel costs | 3220-000 | | $29,089.60 | $1,473,021.46 |
| 04/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,504.28 | $1,471,517.18 |
| 05/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,831.10 | $1,469,686.08 |
| 05/25/2018 | 115 | MICHAEL GABRIELSON | Accounting Fees | 3410-000 | | $105,427.00 | $1,364,259.08 |
| 05/25/2018 | 116 | MICHAEL GABRIELSON | Accounting Expenses | 3420-000 | | $626.45 | $1,363,632.63 |
| 06/14/2018 | 117 | Franchise Tax Board | Estimated Fee for LLCs | 2820-000 | | $11,790.00 | $1,351,842.63 |
| 06/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $2,186.50 | $1,349,656.13 |
| 07/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,953.41 | $1,347,702.72 |
| 08/27/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $2,005.34 | $1,345,697.38 |
| 09/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $2,002.61 | $1,343,694.77 |
| 10/25/2018 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $1,935.01 | $1,341,759.76 |
| 11/13/2018 | | Independent Bank | Transfer Funds | 9999-000 | | $1,341,759.76 | $0.00 |

| | | | **SUBTOTALS** | | $700,000.00 | $1,712,825.46 | |

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |
|---|---|---|
| **Case No.** | 13-23517-MSM | |
| **Case Name:** | TRACY GATEWAY, LLC | |
| **Primary Taxpayer ID #:** | **-***3580 | |
| **Co-Debtor Taxpayer ID #:** | | |
| **For Period Beginning:** | 3/15/2013 | |
| **For Period Ending:** | 10/10/2019 | |

| | | |
|---|---|---|
| **Trustee Name:** | Alan S. Fukushima | |
| **Bank Name:** | Union Bank | |
| **Checking Acct #:** | ******4096 | |
| **Account Title:** | Checking | |
| **Blanket bond (per case limit):** | $5,000,000.00 | |
| **Separate bond (if applicable):** | | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| **Transaction Date** | **Check / Ref. #** | **Paid to/ Received From** | **Description of Transaction** | **Uniform Tran Code** | **Deposit $** | **Disbursement $** | **Balance** |
| | | **TOTALS:** | | | $1,869,011.92 | $1,869,011.92 | $0.00 |
| | | **Less: Bank transfers/CDs** | | | $0.00 | $1,341,759.76 | |
| | | **Subtotal** | | | $1,869,011.92 | $527,252.16 | |
| | | **Less: Payments to debtors** | | | $0.00 | $0.00 | |
| | | **Net** | | | $1,869,011.92 | $527,252.16 | |

| **For the period of 3/15/2013 to 10/10/2019** | | **For the entire history of the account between 09/02/2014 to 10/10/2019** | |
|---|---|---|---|
| Total Compensable Receipts: | $8,737,920.29 | Total Compensable Receipts: | $8,737,920.29 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $8,737,920.29 | Total Comp/Non Comp Receipts: | $8,737,920.29 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $7,396,160.53 | Total Compensable Disbursements: | $7,396,160.53 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $7,396,160.53 | Total Comp/Non Comp Disbursements: | $7,396,160.53 |
| Total Internal/Transfer Disbursements: | $1,341,759.76 | Total Internal/Transfer Disbursements: | $1,341,759.76 |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 13-23517-MSM | Trustee Name: | Alan S. Fukushima |
|---|---|---|---|
| Case Name: | TRACY GATEWAY, LLC | Bank Name: | Independent Bank |
| Primary Taxpayer ID #: | **-***3580 | Checking Acct #: | ******3517 |
| Co-Debtor Taxpayer ID #: | | Account Title: | DDA |
| For Period Beginning: | 3/15/2013 | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/10/2019 | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| 11/13/2018 | | Union Bank | Transfer Funds | 9999-000 | $1,341,759.76 | | $1,341,759.76 |
| 01/03/2019 | 5001 | HERUM CRABTREE AND SUNTAG | Attorney Fees | 3210-000 | | $147,510.50 | $1,194,249.26 |
| 01/03/2019 | 5002 | HERUM CRABTREE AND SUNTAG | Attorney Expenses | 3220-000 | | $4,543.23 | $1,189,706.03 |
| 03/01/2019 | 5003 | FRANCHISE TAX BOARD | For Annual LLC fee | 2820-000 | | $800.00 | $1,188,906.03 |
| 03/01/2019 | 5004 | FRANCHISE TAX BOARD | 2016 State Taxes | 2820-000 | | $2,400.00 | $1,186,506.03 |
| 04/18/2019 | 5005 | MICHAEL GABRIELSON | Preparation of Amended Tax Returns | 3410-000 | | $12,758.00 | $1,173,748.03 |
| 04/18/2019 | 5006 | MICHAEL GABRIELSON | Accountant Expenses | 3420-000 | | $484.35 | $1,173,263.68 |
| 07/18/2019 | 5007 | ALAN FUKUSHIMA | Trustee Compensation | 2100-000 | | $285,387.61 | $887,876.07 |
| 07/18/2019 | 5008 | ALAN FUKUSHIMA | Trustee Expenses | 2200-000 | | $613.76 | $887,262.31 |
| 07/18/2019 | 5009 | US BANK, N.A. | Claim #: 2; Amount Allowed: 7,373,141.79; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $280,451.17 | $606,811.14 |
| 07/18/2019 | 5010 | STEAD FINANCIAL, INC. | Claim #: 3; Amount Allowed: 1,643,372.00; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $62,508.72 | $544,302.42 |
| 07/18/2019 | 5011 | MILLER STARR REGALIA | Claim #: 4; Amount Allowed: 100,266.50; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $3,813.82 | $540,488.60 |
| 07/18/2019 | 5012 | PIFF & ASSOCIATES | Claim #: 5; Amount Allowed: 11,800,000.00; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $448,834.95 | $91,653.65 |
| 07/18/2019 | 5013 | STEAD FINANCIAL, INC. | Claim #: 10; Amount Allowed: 1,710,758.00; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $65,071.86 | $26,581.79 |
| 07/18/2019 | 5014 | BANK OF STOCKTON | Claim #: 13; Amount Allowed: 443,614.85; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $16,873.72 | $9,708.07 |
| 07/18/2019 | 5015 | BANK OF STOCKTON | Claim #: 14; Amount Allowed: 206,860.36; Distribution Dividend: 3.80; Account Number: ; | 7100-000 | | $7,868.32 | $1,839.75 |
| 07/18/2019 | 5016 | FRANCHISE TAX BOARD | Claim #: 15; Amount Allowed: 800.00; Distribution Dividend: 100.00; Account Number: ; | 2820-000 | | $800.00 | $1,039.75 |
| 07/18/2019 | 5017 | FRANCHISE TAX BOARD | Claim #: 18; Amount Allowed: 1,039.75; Distribution Dividend: 100.00; Account Number: ; | 2820-000 | | $1,039.75 | $0.00 |

|  |  |  | **SUBTOTALS** | | $1,341,759.76 | $1,341,759.76 | |

## FORM 2
### CASH RECEIPTS AND DISBURSEMENTS RECORD

| | | |
|---|---|---|
| **Case No.** | 13-23517-MSM | |
| **Case Name:** | TRACY GATEWAY, LLC | |
| **Primary Taxpayer ID #:** | **-***3580 | |
| **Co-Debtor Taxpayer ID #:** | | |
| **For Period Beginning:** | 3/15/2013 | |
| **For Period Ending:** | 10/10/2019 | |

| | |
|---|---|
| **Trustee Name:** | Alan S. Fukushima |
| **Bank Name:** | Independent Bank |
| **Checking Acct #:** | ******3517 |
| **Account Title:** | DDA |
| **Blanket bond (per case limit):** | $5,000,000.00 |
| **Separate bond (if applicable):** | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |
| | | **TOTALS:** | | | $1,341,759.76 | $1,341,759.76 | $0.00 |
| | | **Less: Bank transfers/CDs** | | | $1,341,759.76 | $0.00 | |
| | | **Subtotal** | | | $0.00 | $1,341,759.76 | |
| | | **Less: Payments to debtors** | | | $0.00 | $0.00 | |
| | | **Net** | | | $0.00 | $1,341,759.76 | |

| For the period of  3/15/2013 to 10/10/2019 | | For the entire history of the account between 11/13/2018 to 10/10/2019 | |
|---|---|---|---|
| Total Compensable Receipts: | $0.00 | Total Compensable Receipts: | $0.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $0.00 | Total Comp/Non Comp Receipts: | $0.00 |
| Total Internal/Transfer Receipts: | $1,341,759.76 | Total Internal/Transfer Receipts: | $1,341,759.76 |
| | | | |
| Total Compensable Disbursements: | $1,341,759.76 | Total Compensable Disbursements: | $1,341,759.76 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp  Disbursements: | $1,341,759.76 | Total Comp/Non Comp  Disbursements: | $1,341,759.76 |
| Total Internal/Transfer  Disbursements: | $0.00 | Total Internal/Transfer  Disbursements: | $0.00 |

# FORM 2
## CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No. | 13-23517-MSM |
| Case Name: | TRACY GATEWAY, LLC |
| Primary Taxpayer ID #: | **-***3580 |
| Co-Debtor Taxpayer ID #: | |
| For Period Beginning: | 3/15/2013 |
| For Period Ending: | 10/10/2019 |

| | |
|---|---|
| Trustee Name: | Alan S. Fukushima |
| Bank Name: | Independent Bank |
| Checking Acct #: | ******3517 |
| Account Title: | DDA |
| Blanket bond (per case limit): | $5,000,000.00 |
| Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|
| | $1,869,011.92 | $1,869,011.92 | $0.00 |

**For the period of 3/15/2013 to 10/10/2019**

| | |
|---|---|
| Total Compensable Receipts: | $8,737,920.29 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $8,737,920.29 |
| Total Internal/Transfer Receipts: | $1,341,759.76 |
| Total Compensable Disbursements: | $8,737,920.29 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $8,737,920.29 |
| Total Internal/Transfer Disbursements: | $1,341,759.76 |

**For the entire history of the case between 03/15/2013 to 10/10/2019**

| | |
|---|---|
| Total Compensable Receipts: | $8,737,920.29 |
| Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $8,737,920.29 |
| Total Internal/Transfer Receipts: | $1,341,759.76 |
| Total Compensable Disbursements: | $8,737,920.29 |
| Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $8,737,920.29 |
| Total Internal/Transfer Disbursements: | $1,341,759.76 |

/s/ ALAN S. FUKUSHIMA

ALAN S. FUKUSHIMA